UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

LEVAR HARRIS,

                Plaintiff,

           -against-

CITY OF NEW YORK; SERGEANT GOMEZ (Shield # 477, Tax # 941024); POLICE OFFICER KERN (Shield # 10507, Tax # 955000; POLICE OFFICER REYES (Shield # 27566, Tax # 953309),

                Defendants.

-------------------------------------------------------------------X

Case no.
20-cv-784

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, complaining of the defendant, by his attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for his complaint as follows:

### THE PARTIES

1. At all times mentioned herein, the plaintiff, LEVAR HARRIS is a natural person and is a citizen and resident of the City, State of New York, County of Kings.

2. Upon information and belief, the defendant CITY OF NEW YORK ("City") is a municipal corporation organized and existing under the laws of the State of New York.

3. Upon information and belief, the defendant SERGEANT GOMEZ is detective employed by the Police Department of the City of New York, and holds Shield # 477 and Tax # 941024). His first name is unknown to plaintiff.

4. Upon information and belief, the defendant POLICE OFFICER KERN is a police officer employed by the Police Department of the City of New York, and holds Shield # 10507 and Tax # 953309). His first name is unknown to plaintiff.

5. Upon information and belief, the defendant POLICE OFFICER REYES is a police officer employed by the Police Department of the City of New York, and holds Shield # 10507 and Tax # 953309). His first name is unknown to plaintiff.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 USC § 1331, as plaintiff asserts causes of action arising under 42 USC §§ 1983, 1985.

7. Venue is properly placed in this court since a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE UNDERLYING FACTS

8. On or about February 12, 2019 at approximately 1:00 AM ("Incident Time"), the plaintiff was lawfully present on Fulton Street and Throop Avenue, near the McDonalds.

9. The police officers named as defendants herein accosted the plaintiff, detained him against his will, harassed him, verbally abused him, searched him, pulled on his clothes, and demeaned him.

10. At no point did the defendant police officers have legally sufficient grounds to detain, stop, arrest, verbally abuse, harass, search, grope, pull clothes, or demean the plaintiff.

11. As a result of the defendants' conduct, the plaintiff was caused to suffer injuries, including: deprivation of liberty; invasion of privacy; indignity; mental anguish and distress; pain and suffering; and plaintiff has been otherwise damaged; all of these injuries are permanent in nature and continuing into the future.

## AS AND FOR A FIRST CLAIM FOR RELIEF

12. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

13. Upon information and belief, at all times relevant to this complaint, the individual defendants and NYPD were acting under the color of state authority.

14. Upon information and belief, the individual defendants and NYPD, under the color of state law and acting on behalf of the state, subjected the plaintiff to false arrest, assault, battery, use of excessive force, and conspiracy to commit all of the above.

15. Upon information and belief, at all times relevant to this complaint, the individual defendants subjected the plaintiff to the aforementioned conduct, which constituted a deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States of America and the State of New York.

16. By reason of the foregoing, the plaintiff is entitled to recover from the individual defendants pursuant to 42 U.S.C. §§ 1983, 1985 for the full extent of his damages, in an amount to be determined at trial, but not to exceed $5,000,000, plus costs and attorney's fees permitted by statute.

## AS AND FOR A SECOND CLAIM FOR RELIEF

17. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

18. Upon information and belief, the defendant City has permitted a culture to develop among certain police officers under which police officers feel at liberty to inflict a degree of "street justice" on members of the public who offend those officers' notions of proper conduct. This "street justice" can take the form of humiliation, insults, harassment, detention, or physical abuse.

19. In this case, there were multiple officers involved, including a sergeant, and not one of them spoke up to stop the abusive behavior directed towards the plaintiff.

20. The individual defendant's actions, coupled with the inaction of the sergeant then present, demonstrates that there exists within the NYPD a culture of harassment, intimidation, gratuitous use of insult, unnecessary violence, aggression, territorialism, a misplaced sense of superiority and/or authority, and the reflexive use of unlawful detention and/or abusive conduct.

21. Defendant City fosters this abusive culture by failing to properly train officers to respect the rights of the public, failing to discipline officers who engage in such abusive conduct, disregarding civilian complaints, and tolerating an attitude among many police officers that is abusive of the public's rights.

22. That this attitude is tolerated by the City and NYPD is confirmed by the fact that there were three police officers involved in this altercation, including a sergeant, and none of them demonstrated a scintilla of concern that his actions might lead to discipline or criticism.

23. Upon information and belief, there have been a great many similar incidents, many of which have been widely reported, have been the subject of civilian complaints to the NYPD, or have been the subject of litigation, including a widely publicized class action in which serious findings were made against the City and NYPD, but the City and NYPD have not taken sufficient measures to train, supervise and discipline its officers.

24. By reason of the foregoing, the plaintiff was damaged as alleged above.

25. By reason of the foregoing, the plaintiff is entitled to recover from the City and NYPD pursuant to 42 U.S.C. §§ 1983, 1985 for the full extent of his damages, in an amount to be determined at trial, but not to exceed $5,000,000, plus costs and attorney's fees permitted by statute.

**WHEREFORE**, the plaintiff demands judgment against the defendant in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated: Brooklyn, New York
February 12, 2020

                    Yours,

                    THE BERKMAN LAW OFFICE, LLC
                    *Attorneys for the Plaintiff*

                    by:   /s/ Robert J. Tolchin
                          Robert J. Tolchin

                    111 Livingston Street, Suite 1928
                    Brooklyn, New York 11201
                    718-855-3627